Argued and submitted December 10, 2019, reversed and remanded
January 21, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JIMMIE WAYNE KENNEDY,
aka Jimmie Kennedy,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR30614; A167635

480 P3d 986

Defendant was convicted of resisting arrest, ORS 162.315, following a jury trial in which the arresting officer was the sole witness. At trial, defendant sought to impeach the officer with evidence that the officer broke defendant's foot in the course of his arrest. The state objected to the introduction of that evidence, and the trial court excluded it as not relevant. After the parties rested their cases, the court invited defendant to reopen his case to put on the broken foot evidence, but only for substantive purposes. Defendant declined to do so and was subsequently found guilty. On appeal, defendant assigns error to the trial court's refusal to allow him to impeach the officer with the broken foot evidence. He argues that the evidence was relevant to show the officer's bias. The state argues that whatever error that may have occurred was harmless because the court gave defendant an opportunity to reopen his case. *Held*: The trial court erred when it sustained the state's objection, because the evidence was relevant to show the officer's bias and interest. That error was not rendered harmless when the court invited defendant to reopen his case.

Reversed and remanded.

Timothy Barnack, Judge.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Reversed and remanded.

## MOONEY, J.

Defendant was convicted of resisting arrest, ORS 162.315, following a jury trial in which the arresting officer was the sole witness. On appeal, defendant assigns error to the trial court's refusal to allow him to impeach that officer with evidence that the officer broke defendant's foot.[1] We agree that the court erred and, therefore, reverse and remand for a new trial.

On May 10, 2017, while on patrol, Deputy Tuff responded to defendant's 9-1-1 call for assistance regarding a domestic dispute. Before arriving, Tuff learned that there was a restraining order that protected defendant's wife from defendant. When he arrived, Tuff contacted defendant, who was sitting alone in his car, and Tuff spoke with him about what had happened. Based upon statements made by defendant during that conversation, Tuff believed that defendant was in violation of the restraining order, and he decided to arrest defendant for that violation. In the course of that arrest, Tuff performed a takedown maneuver known as a "leg sweep" that brought defendant to the ground. After the takedown, Tuff observed that defendant's head was injured, and he called for medical assistance. It is not clear whether Tuff observed any injury to defendant's foot at that time. He took photographs of the head injury, and defendant was transported to a hospital and treated there.

Defendant was charged with resisting arrest.[2] At trial, Tuff testified on direct examination that he performed a takedown of defendant because he felt defendant push him and then pull away, as though defendant was trying to "break free." He described the takedown, stating that he put his right calf "against probably [defendant's] left shin." The body camera video of the arrest and two photographs that Tuff took of defendant's head injury were admitted into evidence through Tuff on direct examination. On cross-examination, defendant inquired about several matters:

---

[1] Defendant also assigns error to various comments made by the trial court in the presence of the jury. Because our resolution of defendant's first assignment of error is dispositive, we do not address the remaining assignments.

[2] A person commits the crime of resisting arrest "if the person intentionally resists a person known by the person to be a peace officer *** in making an arrest." ORS 162.315(1).

"[DEFENSE COUNSEL]:    Okay. And you just testified that you did the leg sweep, hitting his shin?

"[TUFF]:    Correct.

"[DEFENSE COUNSEL]:    Isn't it possible that you also hit his foot?

"* * * * *

"[TUFF]:    I recall my sh—my calf hitting his shin, not his foot.

"[DEFENSE COUNSEL]:    Now, you do collect evidence in this case. You took a lot of pictures on the scene, right?

"[TUFF]:    I did take photos. Correct.

"* * * * *

"[DEFENSE    COUNSEL]:   You—how    many—about how many pictures did you take at the scene?

"[TUFF]:    I don't recall.

"[DEFENSE COUNSEL]:    It was more than the two that were shown to the jury. Correct?

"[TUFF]:    I took several photos. I remember taking several photos. The exact number, I'm not sure.

"[DEFENSE COUNSEL]:    And you went to the hospital and you took photos there too?

"[TUFF]:    Correct.

"[DEFENSE COUNSEL]:    I'm going to show you what I'm going to mark as Defense [101] and [102]. Are these pictures you took as part of your duties as a law enforcement officer?

"[TUFF]:    I believe so. I believe these are photos that I took.

"* * * * *

"[DEFENSE COUNSEL]:    Your Honor, I'm going to ask that these Defense [101] and [102] be moved into evidence.

"* * * * *

"[DEFENSE COUNSEL]:    Now while you're in the hospital, you also collected some additional evidence. Is that correct?

"[TUFF]:   Possible.

"[DEFENSE COUNSEL]:   I'm going to show you what was provided to me by you, by the State, an x-ray.

"[THE STATE]:   Your Honor, objection. This is lack of foundation[3] and it's not relevant.

"COURT:   Yeah. Why—what are you offering?

"[DEFENSE COUNSEL]:   I do—I do think that it's very relevant, Your Honor."

Defendant argued that his cross-examination of Tuff concerning defendant's broken foot was relevant to show that Tuff had a motive "to say now that [defendant] was resisting, because [defendant's] injuries were significant." He thus argued that the evidence was probative of the officer's motive to falsify or exaggerate defendant's level of resistance. Alternatively, defendant argued that his broken foot was relevant for substantive purposes—namely, to suggest that the injury occurred before the incident, and that, rather than intentionally resist Tuff, defendant stumbled because of his broken foot. The trial court rejected both arguments, ruled that evidence of defendant's broken foot was not relevant, and sustained the objection.

The state rested at the conclusion of Tuff's testimony. Defendant rested without offering testimony or any other evidence and then moved for judgment of acquittal. In so doing, defendant first reiterated his argument that evidence about his broken foot was relevant for substantive purposes:

"Your Honor, under the law, resisting arrest is an intentional crime. There has been testimony that [defendant] was intoxicated. He was wobbly. I do—I do think that if I had been able to present evidence about the x-ray and showing that he has a broken foot, that would also be a factor into whether he's tensing up because he has a broken foot, or whether he's intending to resist the officer."

The court responded, "If you want to put on a case like that, put your client on the stand and ask him those questions."

_____

[3] The state did not develop or pursue its foundation objection, and it did not raise that as an issue on appeal.

When defendant then attempted to reiterate his argument that evidence of his broken foot was relevant for impeachment purposes by pointing out that he had not been allowed to cross-examine Tuff on that topic, the court stated that it knew what it "did and didn't do," and that they did not "need to rehash that." Before denying defendant's motion, the court gave defendant an opportunity to reopen his case and present evidence of his broken foot as substantive evidence that he "was tensing up because he ha[d] a broken foot." Defendant declined to do so, and he was convicted.

On appeal, defendant argues that the trial court erred when it sustained the state's relevance objection to his cross-examination questions about his broken foot. Specifically, defendant argues that the evidence was relevant to show Tuff's bias. The state does not seriously dispute that defendant's questions are relevant to prove bias. Instead, it contends that any error was harmless because the court gave defendant an opportunity to reopen his case to present substantive evidence of his broken foot and that defendant declined to do so. Therefore, according to the state, defendant cannot demonstrate that he was prejudiced by any error.

We review the trial court's relevance determination for legal error. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). To lay the foundation for impeachment evidence, a defendant need only show that the evidence is relevant. *State v. Valle*, 255 Or App 805, 810, 298 P3d 1237 (2013) (citing *State v. Hubbard*, 297 Or 789, 796, 688 P2d 1311 (1984)). The threshold for establishing relevance is low. *State v. Wright*, 284 Or App 641, 646, 393 P3d 1192 (2017). It is "always permissible" to show bias "because such evidence goes to the witness's credibility." *State v. Crum*, 287 Or App 541, 551-52, 403 P3d 405 (2017). Wide discretion in cross-examination to demonstrate bias is particularly important for a defendant in a criminal case who has the constitutional right to confront witnesses. *Id*.

In this case, testimony from Tuff on cross-examination that he obtained information about defendant's broken foot while he was at the hospital but that he did not mention on direct examination was relevant to show Tuff's

bias. It supports a reasonable inference that Tuff decided to seek a charge against defendant of resisting arrest only after he learned that defendant's foot was broken at the time of the arrest. In other words, the evidence was relevant because it supplied a reason or motive for Tuff to provide false or incomplete testimony: to support the charge of resisting arrest against defendant and to avoid potential legal consequences to himself for causing defendant's injuries. We conclude that the trial court erred when it sustained the state's objection, because it excluded evidence of Tuff's potential bias and interest. *See State v. Najibi*, 150 Or App 194, 203-04, 945 P2d 1093 (1997) (citing *Hubbard*, 297 Or at 800) ("It is error for the trial judge to exclude evidence that establishes sufficient facts from which bias or interest of a witness may be inferred."); *see also Crum*, 287 Or App at 553 (evidence of police department's use-of-force policies was relevant to whether officer involved in shooting had an interest in presenting facts in a certain way).

We reject the state's argument that any error was harmless because the trial court allowed defendant to reopen his case. In sustaining the initial objection, the court curtailed defendant's ability to cross-examine Tuff regarding his bias and interest. *See Hubbard*, 297 Or at 800-01 (a defendant is entitled to cross-examine an adverse witness to the extent necessary to make an initial showing of the witness's bias or interest). Offering defendant the opportunity to reopen his case to put on evidence of defendant's broken foot for the limited purpose of establishing that he had an injury before the arrest did not address or remedy the court's earlier ruling that such evidence was not relevant to Tuff's bias. In other words, the court's offer did nothing to render harmless its earlier decision to disallow impeachment evidence.

Evidentiary error is not presumed to be prejudicial. OEC 103. "A defendant who seeks reversal based on a claim of evidentiary error bears the burden to show a likelihood that the admission or exclusion of the challenged evidence affected the verdict." *State v. Smith*, 307 Or App 144, 153, 476 P3d 521 (2020). The erroneous exclusion of impeachment evidence is prejudicial, and therefore likely affects

the verdict, "if it denies the jury an adequate opportunity to assess the credibility of a witness whose credibility is important to the outcome of the trial." *Hubbard*, 297 Or at 800.

Tuff was the only witness to testify at trial, and his credibility was key to proving the state's case and to discrediting defendant's denial of the resisting arrest charge. It was prejudicial to cut off defendant's line of questioning into Tuff's knowledge of defendant's broken foot and therefore likely to have affected the verdict.

Reversed and remanded.